# IN THE COURT OF APPEALS OF IOWA

No. 16-1226
Filed November 9, 2016

**IN THE INTEREST OF C.N.C. and C.N.C.,**
**Minor children,**

**S.C., Mother,**
       Appellant.
_____


       Appeal from the Iowa District Court for Fayette County, Alan D. Allbee, Associate Juvenile Judge.


       A mother appeals the district court's permanency order, placing her children under the guardianship of their paternal grandmother.  **AFFIRMED.**


       Sarah Dooley Rothman of Rothman Law Office, Independence, for appellant mother.

       Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

       Patrick Ritter of Elwood, O'Donohue, Braun & White L.L.P., West Union, guardian ad litem for minor children.


       Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother appeals[1] from the district court's permanency order in a child-in need-of-assistance (CINA) proceeding, placing her two children under the guardianship of their paternal grandmother. The mother asserts on appeal: (1) she should have been given an additional six months to work towards reunification, (2) the department of human services (DHS) did not provide her with reasonable services, and (3) her attorney was ineffective. We conclude additional time would not have impacted the mother's ability to safely care for the children, reasonable services were offered to the mother, and she cannot show her counsel's performance prejudiced her such that the outcome of this CINA case would have been different. We affirm the district court's order.

We review CINA permanency orders de novo, giving deference to, but not being bound by, the district court's findings. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001).

The children in this case, born in 2003 and 2004, have been adjudicated CINA on four separate occasions within the past six years, with each case involving the parents' use of methamphetamine while the children were in their care. Most recently, the children were adjudicated CINA and removed from the home after the mother, while under the influence of methamphetamine, physically assaulted the older child by tackling him to the ground, causing injury. The mother was arrested, and a no contact order was issued between the mother and this child. The children were placed in the care of their paternal

---

[1] The children's father does not appeal from the permanency order.

grandmother, a licensed foster parent, where they had been placed for a combined total of more than three of the past six years.

While the mother asserts she should be given an additional six months to work towards reunification, her past behavior lends no credence to her assertion that things will be different in the near future. Under Iowa Code section 232.104(2)(b) (2015), a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The mother either refuses to be tested for drug use or, when she does submit to testing, continues to test positive for methamphetamine and amphetamines. Moreover, at the time of the permanency hearing the mother was facing drug-related criminal charges. The district court found, and we agree, the facts do not establish that sufficient progress would be made by the mother such that it would be reasonably likely that the children could be safely returned to her care if given an additional six months before the entry of a permanency order.

Her next claim, that she was not provided adequate services, is also belied by the record. A host of services were offered to her, including mental health counseling, family therapy, and visitation. Her claim on appeal is that the older child was not forced to participate in family therapy. However, the record discloses the child had become so disappointed in the mother's behavior and her lack of progress in achieving stability that it was counterproductive to force such family therapy upon that child. The mother's own conduct set the tone for the older child's lack of trust in his mother. As to the visitation offered, the mother did participate in the once-a-week visits but refused to take advantage of the

additional visitation offered, which was to be supervised by the paternal grandmother. The mother testified her relationship with the grandmother was "good. It's good. It's—it's good. I feel it's been a little strained lately, and I'm not exactly for sure why; but it's—it's normally a good relationship." Again, the mother's complaints of lack of visitation fall on her own shoulders, not on the efforts of DHS to assist in arranging more visits.

Finally, the mother asserts her attorney was ineffective in a number of ways, including: not adequately preparing for trial, not ensuring the mother was aware of the requirements in the case plan for reunification, not ensuring the mother attended mental health and substance abuse treatments, not advocating for additional services, and not challenging the positive drug test results.

To review the effectiveness of counsel, we apply the same standard for a CINA permanency hearing as we do for criminal cases. *See In re T.P.*, 757 N.W.2d 267, 274 (Iowa Ct. App. 2008) (noting we apply the same standard to evaluate ineffective-assistance claims in termination proceedings as we use in criminal proceedings). A parent claiming ineffective assistance of counsel "must prove both a deficiency in counsel's performance and actual prejudice." *Id.* "We presume that counsel's conduct falls within the range of reasonable professional competency." *In re A.R.S.*, 480 N.W.2d 888, 891 (Iowa 1992).

Even if we were to find counsel breached an essential duty in any of the ways the mother summarily asserts on appeal, we find no prejudice. This fourth CINA case was opened in April 2015, after the children had again been subjected to dangerous situations due to the mother's continued methamphetamine use, coupled with her unresolved mental health issues. At

trial she testified she did not "trust DHS" and shifted the blame for her children's removal unto others. The same is true in her claim against her counsel. Her assertions that trial counsel should have done more to push her to comply with the case plan, prepared more to defend her even though she failed to comply with services, challenged the repeated positive drug screens in the face of her failure to comply with drug testing, and advocated for more visits when she refused the additional visits offered, are simply more attempts to shift the mother's own responsibilities onto someone else. Upon our de novo review of the record, including all the reports, exhibits, and trial testimony, it is apparent the mother's bald assertions—even if true—would not affect the outcome of the permanency hearing.

We affirm the permanency order of the district court.

**AFFIRMED.**